NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5570-14T2

IN THE MATTER OF THE TENURE
CHARGES AGAINST JOSE ORTIZ-BATISTA,
PROFESSOR, COUNTY COLLEGE OF MORRIS
____________________________________

 Argued May 24, 2017 – Decided June 27, 2017

 Before Judges Accurso, Manahan and Lisa.

 On appeal from the Board of Trustees of the
 County of Morris.

 Stephen B. Hunter argued the cause for
 appellant Jose Ortiz-Batista (Detzky, Hunter
 & DeFillippo, LLC, attorneys; Mr. Hunter, of
 counsel and on the brief).

 David H. Soloway argued the cause for
 respondent County College of Morris (Vogel,
 Chait, Collins and Schneider, PC, attorneys;
 Mr. Soloway, of counsel and on the brief;
 Craig A. Long, on the brief).

PER CURIAM

 Petitioner Jose Ortiz-Batista appeals from a July 7, 2015

final decision of the Board of Trustees of the County College of

Morris adopting the Initial Decision of Administrative Law

Judge, Ellen S. Bass, finding petitioner guilty of conduct
unbecoming, warranting his dismissal as a tenured faculty member

of the College. We affirm.

 The facts are set forth at length in ALJ Bass's Initial

Decision. Professor Ortiz-Batista was a respected and well-

regarded member of the faculty of the College for fourteen

years. He served as a professor of World Languages and chaired

the College's Languages and ESL Department for ten of those

years. In the 2014 spring semester, however, the Dean advised

petitioner the College would appoint a new Chair to lead the

Department. Judge Bass noted that decision "apparently angered

Ortiz-Batista enough to file suit in Superior Court and to file

a discrimination claim before the Equal Employment Opportunity

Commission (EEOC) where he alleged that his demotion was unfair

and constituted harassment."

 When the fall term began, petitioner, described as "hard-

working," "enthusiastic," and "highly effective" in earlier

evaluations, passionate about his subject matter and devoted to

his students, began to miss class and fail to appear for office

hours without notice to his students and colleagues. Despite

efforts by the new Chair of his Department and other

administrators and colleagues, the situation did not improve as

the term wore on. Students lodged repeated complaints, and the

administration referred petitioner to the Employee Assistance

 2 A-5570-14T2
Program. ALJ Bass concluded from the uncontroverted testimony

that during that fall semester, petitioner "was frequently

absent from his classroom and office hour duties, often without

advance notice, and often without following proper protocols for

requesting leave." She found that members of the administration

"all made efforts to communicate with Ortiz-Batista relative to

their concerns about his performance, but that their efforts

were met with vague excuses or no response at all."

 On October 30, 2014, the College suspended petitioner with

pay and took steps to try and cover his six Italian classes.

The College retained adjunct professors to teach four of the

classes, but determined so little progress had been made by

students in the remaining two classes that they were deemed

"unsalvageable." Students enrolled in those classes were

prevented from fulfilling their language requirement and, for

some, their graduations may have been delayed as a result. ALJ

Bass found the class cancellations cost the College $20,477 in

refunded tuition.

 Even after his suspension, the College continued to try and

work with petitioner. Recounting the testimony of the

Department Chair, the judge found "nothing about his demeanor or

testimony that led [her] to question that [the Chair] would have

offered assistance instead of discipline if he could have done

 3 A-5570-14T2
so." The Human Resources Director, the administrator who had

earlier referred petitioner to the Employee Assistance Program,

testified the administrators and faculty members present at the

October 30 meeting expressed concerns about petitioner's health

and well-being. According to the Director, he specifically told

petitioner that sick leave might be an option with proper

documentation, but petitioner never followed up or provided him

with the necessary information. ALJ Bass concluded "no medical

documentation was provided either to [the College] or [the ALJ]

that would allow [her] to view Ortiz-Batista's aberrant behavior

as health or disability related."

 After hearing the testimony of the witnesses and reviewing

the evidence submitted, ALJ Bass concluded the College had met

its burden of proving the tenure charges against petitioner by a

preponderance of the credible evidence. See N.J.S.A. 18A:6-18;

In re Polk, 90 N.J. 550, 560-61 (1982). Specifically, the judge

found:

 Ortiz-Batista failed to meet his
 professional obligations in the fall of
 2014, and in a manner that did not permit
 [the College] to assist either him or many
 of his students in salvaging the semester of
 instruction. His assertion that he was
 absent just a little bit, after years of
 good attendance, is inconsistent with the
 facts on record. He was consistently
 absent; he was unreliable; and he was
 unwilling to discuss whatever issues or

 4 A-5570-14T2
 problems were preventing him from properly
 attending to his duties. Notwithstanding
 his history of satisfactory performance,
 Ortiz-Batista's unwillingness to explain
 this change in his conduct and demeanor
 portends a continued inability or
 unwillingness by him to properly discharge
 his professional responsibilities. Finally,
 the negative effect created by his absences
 and non-communicativeness is readily borne
 out by the record.

 ALJ Bass concluded based on the evidence in the record that

petitioner's termination was indeed the appropriate remedy. She

wrote:

 For all these reasons, I likewise agree
 with [the College] that no lesser form of
 discipline could have put an end to the
 disruption to the language department and
 its students. As it is, two classes were
 cancelled. Had the [C]ollege not acted when
 it did to remove Ortiz-Batista from the
 classroom, it is likely that it would have
 had to cancel several more. I am thus
 compelled to reject Ortiz-Batista's
 contention that he should not be dismissed
 because the [C]ollege failed to employ
 progressive discipline. As our Supreme
 Court stated in West New York v. Bock, 38
 N.J. 500, 523 (1962), "numerous occurrences
 over a reasonably short space of time, even
 though sporadic, may evidence an attitude of
 indifference amounting to a neglect of duty
 and, thus, constitutes sufficient grounds
 for termination."

 Finally, Counsel's argument that [the
 College] failed to accommodate Ortiz-
 Batista's disability is flawed for a
 fundamental reason; nowhere on the record is
 there any competent proof that a disabling
 condition caused Ortiz-Batista's aberrant

 5 A-5570-14T2
 behavior. Ortiz-Batista was asked for
 medical documentation before the charges
 were filed, and was offered an opportunity
 to supply such documentation after his
 suspension. He could have supplied such
 documentation to me, or appeared at the
 hearing and explained his problems to me.
 But throughout, he has persisted in failing
 to offer any explanation, medical or
 otherwise, for the dereliction of his
 duties. I agree with [the College] that I
 cannot ask it to grant an extended sick
 leave to a professor who will not explain
 the nature of his disability, and relied at
 hearing only on the testimony of a colleague
 who, with no medical background whatsoever,
 shared that in September 2014 he noticed a
 change in Ortiz-Batista's affect. Nor am I
 able to accept counsel's claim that [the
 College] personnel did not try hard enough
 to talk to Ortiz-Batista or give him an
 opportunity to explain why he was unable to
 meet his professional responsibilities.
 This record reveals that Ortiz-Batista's
 supervisors tried to have a productive
 conversation with him repeatedly, but to no
 avail.

 On appeal, petitioner argues the College failed to prove

the charges against him, that the penalty was excessive and

disproportionate, that the College "received sufficient

information to conclude that [petitioner] was suffering from a

significant physical and/or psychiatric impairment and yet . . .

failed to reasonably accommodate [his] disabilities" and that

there were "numerous alternatives to termination that were never

proposed by the College that would have avoided the

certification of tenure charges."

 6 A-5570-14T2
 In light of the comprehensive record established in the

Office of Administrative Law, we reject those arguments as

without sufficient merit to warrant discussion in a written

opinion. R. 2:11-3(e)(1)(D) and (E). Accordingly, we affirm

the decision of the Board of Trustees, substantially for the

reasons expressed in Judge Bass's thorough and thoughtful

Initial Decision of June 10, 2015.

 Affirmed.

 7 A-5570-14T2